**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 13, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: December 13, 2010**

**Arthur I. Harris
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-16396 |
| | ) | |
| THOMAS CAREY, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | Adversary Proceeding |
| RICHARD A. BAUMGART, | ) | No. 10-1148 |
| Chapter 7 Trustee, | ) | |
|     Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS CAREY, *et al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on cross-motions for summary judgment. At issue is whether the debtor's United Services Automobile Association ("USAA") Subscriber's Savings Account is property of the debtor's

---

[1] This Memorandum of Opinion is not intended for official publication.

bankruptcy estate pursuant to section 541 and subject to turnover pursuant to section 542. For the reasons that follow, the Court holds that the account is property of the debtor's bankruptcy estate and subject to turnover. Accordingly, the trustee's motion for summary judgment is granted (Docket #22), and USAA's motion for summary judgment is denied. (Docket #21).

## FACTS AND PROCEDURAL BACKGROUND

On August 20, 2008, the debtor filed a voluntary petition under Chapter 7. On April 26, 2010, the trustee commenced this adversary proceeding against the debtor and USAA for the turnover of property in the debtor's USAA Subscriber's Savings Account.

Unless otherwise noted, the following facts are undisputed. The debtor is a member of USAA. (Docket #21-1 at 1). USAA is a member owned inter-insurance exchange. (Docket #21-1 at 1). In April, 2005, the debtor agreed to be bound by the USAA Bylaws. (Docket #21-2 at 10). The Bylaws state "[a]ny member may terminate his or her membership by canceling or nonrenewing all of his or her insurance." (Docket #21-2 at 2, art. II, § 5). The Bylaws also state "in the event membership in USAA is terminated for any reason for a period of six months, the amount accumulated in the Subscriber's Account will be paid to the member." (Docket #21-2 at 9, art. XXII, § 3). By requiring members to terminate

2

their membership six months before receiving the balance of their account, USAA ensures it maintains sufficient capital to satisfy legal and regulatory requirements. (Docket #21-1 at 2).

USAA may allocate surplus funds to a member's Subscriber's Savings Account. (Docket #21-2 at 8). However, members are not permitted to access the funds in the account unless their membership is terminated. (Docket #21 at 2). In a statement dated, March 3, 2008, the account's balance was $5,479.92. (Docket #22-1, Ex. B). On November 25, 2008, the trustee sent a letter to USAA requesting turnover of the account's balance. (Docket #22-1, Ex. A). The account's 2008 Year-End Balance was $5,481.93 (statement dated February 2, 2009). (Docket #22-1, Ex. C). The account's 2009 Year-End Balance was $5,383.68 (statement dated February 1, 2010). (Docket #21-3). The debtor has nor responded or otherwise appeared in this proceeding and has not claimed any exemptions in the USAA account. (Case No. 08-16396, Docket #26, at 4, 8).

## JURISDICTION

The Court has jurisdiction over this action. Actions seeking turnover of property of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(E). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order Number 84, entered on July 16, 1984, by the United

3

States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c),[2] as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*,

---

[2] Rule 56 of the Federal Rules of Civil Procedure underwent significant revisions effective December 1, 2010. Although the standard for granting summary judgment remains unchanged, the revised Rule 56 adopts many new procedures for presenting and responding to summary judgment motions. *See* Advisory Committee Note to 2010 amendments. The revised rule applies to all proceedings commenced on or after December 1, 2010, and, insofar as just and practicable, to all proceedings then pending. Since the summary judgment briefing in this case was completed before the effective date of the revisions to Rule 56, the Court will apply the version of Rule 56 in effect before December 1, 2010.

128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

"The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.*; *accord In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 735 (6th Cir. 2001) (citing several cases reaching same conclusion).

## DISCUSSION

### A. Account as Property of the Estate

In addressing the trustee's complaint for turnover, the Court must first determine whether the USAA Subscriber's Saving Account is property of the debtor's estate. The trustee is only entitled to a turnover of property which is part

of the debtor's bankruptcy estate.  *See In re Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008) ("Thus, although not specifically stated in § 542, fundamental to the concept of 'Turnover' is that the asset to be turned over must be property of the debtor's bankruptcy estate.")).  Upon commencement of a bankruptcy case, all property of the debtor comes into the bankruptcy estate, regardless of whether the interest in such property is legal or equitable. 11 U.S.C. § 541; *see Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) ("As a general matter, upon the filing of a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the property of the bankruptcy estate and will be distributed to the debtor's creditors."); *Triad International Maintenance Corp. v. Southern Air Transport, Inc. (In re Southern Air Transport, Inc.)*, 511 F.3d 526, 533 (6th Cir. 2007) (the Bankruptcy Code's definition of property of the estate "is very broad").

State law determines the nature and extent of a debtor's interest in property. *See Butner v. United States*, 440 U.S. 48, 55 (1979); *accord Traveler's Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451 (2007) ("As we stated in *Butner*, '[p]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' ").  While it is unclear whether the terms of

6

10-01148-aih    Doc 27    FILED 12/13/10    ENTERED 12/14/10 11:04:40    Page 6 of 11

the contract between the debtor and USAA are governed by Texas or Ohio law, neither party disputes that the Bylaws govern the debtor's interest in the Subscriber Saving's Account and that the debtor has a contingent right to the funds in that account.

Furthermore, while the debtor may not have had an immediate right to liquidate the proceeds in his USAA account as of the petition date, the debtor's interest in the USAA account is assuredly property of the estate under section 541, as is the debtor's contingent right to receive those funds under the terms of the USAA Bylaws. Examples of contingent claims that constitute property of a debtor's estate under section 541 are tax refunds, which may be contingent upon a debtor filing a tax return and requesting a refund, and personal injury claims, which may be contingent upon a debtor filing a lawsuit and obtaining a judgment. *See In re Johnston*, 209 F.3d 611 (6th Cir. 2000) (earned income tax credit is property of the estate even when the bankruptcy petition is filed prior to the end of the tax year); *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542-43 (6th Cir. 1989) (debtors' personal injury action is property of their bankruptcy estate); *In re Booth*, 260 B.R. 281, 285-86 (6th Cir. BAP 2001) (tax credits and claims against third parties, both contingent interests, are property of the estate); *Doucet v. Cooper (In re Cooper)*, 263 B.R. 835, 837 (Bankr. S.D. Ohio 2001)

7

(prepetition personal injury claims and the settlement proceeds from such claims are property of the estate); *In re Lundy*, 216 B.R. 609 (Bankr. E.D. Mich. 1998) (debtor's failure to list prepetition personal injury claim constituted bad faith).

In the present case, the debtor's right to terminate his automobile insurance policy and recover the proceeds after waiting six months is analogous to the more common situation of a debtor with cash surrender value in a life insurance policy. While the debtor may prefer to keep the insurance policy in force and not receive the cash surrender value, the debtor loses that right by filing a bankruptcy petition. The policy, as property of the debtor's estate, is controlled by the trustee, who has a right to recover the cash surrender value of the insurance policy, absent a determination that the policy is exempt. *See, e.g.*, *In re Trautman*, 496 F.3d 366 (5th Cir. 2007) (trustee entitled to cash surrender value of debtor's whole life insurance policy); *In re Caron*, 82 F.3d 7 (1st Cir. 1996) (same); *In re Patel*, 431 B.R. 682, 685-86 (Bankr. D. S.C. 2010); *In re Bunnell*, 322 B.R. 331 (Bankr. N.D. Ohio 2005); *In re Butcher*, 72 B.R. 240 (Bankr. E.D. Tenn. 1987). Accordingly, the Court holds that the debtor's interest in the USAA account, including the right to terminate the policy and recover the proceeds under the USAA Bylaws, is property of the debtor's estate under section 541.

*B. Turnover of the Account to the Trustee*

The trustee asks the Court to order USAA to turn over the balance of the debtor's account to the trustee pursuant to 11 U.S.C. § 542(a). Section 542 provides in pertinent part:

> (a) . . . an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The plain language of § 542(a) is clear that subject to a few, specifically enumerated exceptions a party holding valuable property of the debtor's bankruptcy estate, which is not exempt under § 522, must surrender the property to the trustee. *See In re Osterwalder*, 407 B.R. at 294 (*citing Whiting Pools, Inc.*, 462 U.S. at 202-03); *French v. Johnson (In re Coomer)*, 375 B.R. 800, 803 (Bankr. N.D. Ohio 2007).

When a debtor files bankruptcy, the trustee "stands in the debtor's shoes." *Yoppolo v. Allen (In re Allen)*, 415 B.R. 310, 316 (Bankr. N.D. Ohio 2009) (*quoting Furness v. Wright Med. Tech., Inc. (In re Mercurio)*, 402 F.3d 62, 66 (1st Cir. 2005)). When the bankruptcy estate is created, the trustee takes whatever interests the debtor has in property and may exercise the same legal and contractual rights held by the debtor in that property, subject to the same limitations. *Allen*,

9

415 B.R. at 316. "Thus, what comes to the bankruptcy estate is not only the property in which [the] debtor has an interest, but also the powers the debtor can exercise for its own benefit over [the] property." *Allen*, 415 B.R. at 316 (*quoting Askanase v. LivingWell, Inc.*, 45 F.3d 103, 106 (5th Cir. 1995)).

The Court has determined that the debtor's USAA account is property of the estate. However, just because an interest is property of the estate does not mean a court can order turnover of the property. In *Coomer*, the bankruptcy court determined the debtor's interest in a residential lease deposit was property of the estate. 375 B.R. at 804. The court then held this security deposit was not subject to turnover because the debtor, at the time of filing his petition, had no present right of possession in the deposit (he could not demand its return until the expiration of the lease) and the amount to be turned over was contingent on the landlord's right to setoff for any damages that arose from a breach of the lease agreement. 375 B.R. at 806.

Unlike *Coomer*, in the present case, under the USAA Bylaws, the debtor could cancel or nonrenew his membership at any time and for "any reason." At the time of filing his petition, the debtor had a right to terminate his account and have the balance of his account returned in six months. When the debtor filed for bankruptcy on August 20, 2008, the trustee stepped into the debtor's shoes, taking

10

the debtor's contingent interest in the account. The trustee, as representative of the estate, had the authority to exercise the legal and contractual rights held by the debtor at the case's commencement, including the right to terminate membership in USAA. The trustee requested USAA cancel the debtor's membership and turn over the funds on November 25, 2008. USAA had the legal right to wait six months to remit the balance of the debtor's account, but no more. As of May 25, 2009, USAA was required to turn over the funds. Therefore, the Court holds that the balance of the debtor's USAA account must be turned over to the trustee.

## CONCLUSION

For the reasons stated above, the Court holds the debtor's USAA Subscriber's Savings Account is property of the estate under section 541 and subject to turnover pursuant to section 542. Accordingly, the trustee's motion for summary judgment is granted, and USAA's motion for summary judgment is denied. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.